Argued December 1, affirmed December 30, 1960, petition for
rehearing denied Jannuary 24, 1961

# SCHOOL DISTRICT NO. 1, MULTNOMAH
## COUNTY *v.* BRUCK ET AL
### 358 P. 2d 283

*Cecil H. Quesseth*, Special Assistant Attorney General, Salem, argued the cause for appellants. With him on the briefs were Robert Y. Thornton, Attorney General, and E. G. Foxley, Deputy Attorney General, Salem.

*Grant T. Anderson*, Portland, argued the cause for respondents. With him on the brief were King, Miller, Anderson, Nash & Yerke, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, SLOAN, O'CONNELL and HOWELL, Justices.

SLOAN, J.

■ This case presents the question of the power of a school district to pay out-of-state travel expense for one of the district's employees. The question is limited strictly to out-of-state travel. It was not denied that a school district can pay for travel within the state. It is simply necessary to decide if there is some barrier on the state line.

The issue was decided in favor of plaintiff in the trial court upon a motion for judgment on the pleadings. The defendant attorney general has appealed.

We have had the recent occasion to hold that district school boards are vested with implied power to carry out the statutory mandates imposed upon them to provide and operate schools. *Dilger v. School Dist. 24 CJ*, 1960, 222 Or 108, 352 P2d 564, and *Padberg; West v. Martin*, 1960, 225 Or 135, 357 P2d 255. There is no occasion to now elaborate further on those opinions. We find no trouble in holding that essential travel is necessary and frequently imperative for the operation of a school system, particularly the larger ones. We think no one will dispute that. Our only problem has been to endeavor to find if the legislature

has ever expressed, even indirectly, a policy that essential out-of-state travel for any public employees was to be considered materially different than essential travel within the state.

■ ORS 292.230 requires:

"No state officer or employe of a state agency shall be reimbursed for travel expenses for out-of-state travel, nor shall any state agency incur any obligation for such travel, unless a letter of authorization for such travel has been issued by the Department of Finance and Administration prior to the making of the travel or the incurring of the obligation. The issuance of such letters of authorization shall be based upon the department's determination of the propriety, legality and necessity of the proposed travel. * * *"

This statute does impose greater restriction upon travel outside the state, for state employees, than is imposed for travel within the state. However, it provides restriction or limitation, not a bar. Certainly, it would be proper for an official charged with the responsibility of accounting for public funds, whether required by statute or not, to exercise greater restraint upon travel out-of-state than would be common for travel within the boundaries. We assume that for state employees out-of-state travel poses problems in the use of state-owned vehicles and other matters affecting costs and transportation that would not prevail regarding travel within the state. But such problems as may exist have not prevented state and other Oregon governmental officials from traveling on public business beyond the confines of Oregon. We can find no valid reason why school officials should be subject to greater limitation.

■ A fact was stated in oral argument in this case which was not denied and which, we think, presents a

matter of common knowledge. That is, that in recent years, at least, it has been necessary for many of our school districts to recruit teachers from other areas than Oregon. It requires no argument to reach the conclusion that one of the prime functions of school administration is to obtain the best teaching talent the district can afford. If, to accomplish that purpose, it it essential to visit schools and colleges in other states we would deem that to be a matter of prime importance to the school district. When and how that duty must be performed should be left to the school district board. The discretion is properly vested in that body.

We have endeavored to examine the numerous statutes governing the several state agencies, as well as the many municipal and public corporations created or authorized by the legislature. No statute has been found in respect to any of them that would restrain out-of-state travel for the employees of those governmental units. Nor have we been informed of or found any regulation issued by the State Board of Education pursuant to ORS 326.090 which would be a limitation on essential travel. We do not believe a court should attempt to impose that restraint upon a school district. The decree is affirmed.